Good morning ladies and gentlemen. Our first case for argument is Asimah Design v. CBL & Associates. Mr. Epstein. Good morning, Your Honor. Good morning. Your Honor, may it please the Court. Your Honor, I'd like to reserve three buttles for rebuttal if that's acceptable with the Court. Would the Court like a brief recitation of the facts? Please proceed. Judge, I represent Asimah Design LLC and George Asimah, the plaintiff. The plaintiff, through his LLC, leased a property at the defendant's management company's mall, the mall that they manage. He opened a business there. He was doing fine. The management company chose to move him to an area of the building which had less traffic. His building began to fall off. They fell behind in his payments. He tried to make a deal with the company. They wouldn't let him do it. Ultimately, they evicted him. He comes to the Court and he says that there were other companies that were allowed to make arrangements, and he believes that he was discriminated against based on race. He filed suit. On his third complaint, he was dismissed out for a lack of standing, which he brings this suit now. And basically, procedurally, I think what is important is the Court said he brought initially as himself, plaintiff George Asimah, and the Court said, well, you don't have standing because the LLC had privity of contract with the defendant. On his third repleting, his third complaint that he amended, he included the LLC. The Court's response was to say, well, you know, you forfeited because you didn't actually give me a response, like a written response to the fact that we're saying you don't have standing, even though he amended the complaint. And based on that, they dismissed him out and he filed this appeal following that. Can I pause you on that? Sure. Did Mr. Asimah file a notice of appeal? Oh, yes, he did. Are you sure about that? The company did, but I'm not at all. I may have it reversed. I believe the Asimah Designs filed a notice of appeal. Okay. In your view, is George Asimah an appellant? Yes. Well, I believe later that was rectified, and I honestly do not recall how it was rectified. It was not raised by the defendant as a lack of a notice of appeal, and therefore a lack of standing in this Court. So I did not address that in my appellant briefing. That may very well be an issue, but even if that's true, Your Honor, Asimah Designs still is properly here before the Court because they did file the notice of appeal, and we filed our appellant briefs, and they're here now before the Court. So the law is basically, it's boilerplate. I hate to cite boilerplate, but this case is really generated by facts and procedure more than law, but the law is replete with, you know, dismissal is a harsh sanction, and you have to have a serious, repeated failure of duatoric conduct. The LLC has been dissolved, was dissolved in 2017, seven years ago. What authorizes it to join this litigation? The plaintiff, George Asimah? No. Asimah Design, LLC. Asimah's not a party on appeal. He doesn't have standing anyway. The LLC was dissolved in 2017, so how is it a proper party in this litigation? Yes, Judge, because federal law says that Illinois law applies. Federal law has nothing to do with it. This is a question of Illinois law. Yes. Illinois law applies, and under the Illinois Business Act, the statute states that a company, a corporation, has five years to resolve its matters. Where does it say that? I cited it in my brief, and I believe appellate does. The statute says it has a reasonable time. Well, the statute of limitations under the Illinois Business Act is five years for corporations, and the case that they cite under Siena is a reasonable time. I apologize. I'm sorry. Your Honor was going to. So how is it authorized to sue? It has a reasonable time to wrap up its affairs, but it didn't even begin this litigation for five years, and the Illinois judiciary has said that's too long. Yeah, I believe the dismissal was at three years, and Siena said that that's too long, but Siena was a case where it was a counterclaim, where they finally amended the complaint and then got dismissed. The statute, which allows for five years, says that an LLC member, George Astema, can wind up his affairs for five years, and he meets it. Now, today it's seven years, but that includes the whole time. I believe he's timely under the Illinois Business Act if we look at a five-year statute of limitations. So, you know, again, dismissal is a drastic sanction. It's the worst you can possibly have. The court did say, well, you took too long in doing this. I define deleterious conduct. I spent about three pages in my appellant brief talking about what is deleterious conduct. The appellee does not address that at all. So my appellant analysis. I think we've got to talk about state law, as Judge Easterbrook is suggesting. Why does the Illinois Business Corporation Act apply to the timing limitation that's applicable to when the LLC brought the lawsuit here? That's an excellent question, Judge. You know, the appellee made that argument in their response in their appellee brief. They say that the LLC does not fall under this. They cite no case law. There is no reason. I think it's completely reasonable to say that. So how is an LLC covered by the Business Corporation Act? Judge, I believe that it is because it is an entity. Your belief is not sufficient. You need to make a legal argument. Yes, Judge. You can base the argument on the language of the statute or on a state decision. Yes, Judge. As far as I can see, you're not citing either the language of the statute or a state decision. Yes, Judge. The Illinois statute refers to individuals that may bring and round up these. Or a business corporation. An LLC is an individual? Am I mistaken on that? An LLC is not a business corporation, nor is it a natural person. It's organized under a separate statute. Judge, I agree. But the statute itself, even if Your Honor is absolutely correct, the statute says individuals may bring suit as well as right next to their... An LLC is not an individual. Judge, I would respectfully disagree that an LLC has been deemed as a... What provision of state law in Illinois qualifies an LLC as an individual for purposes of the Business Corporation Act? Judge, the appellee cites the statute, and I cite the statute. I cite where it says entity means a person other than an individual. That would apply to LLC. The appellee cites this definition. Person means an individual, partnership, domestic or foreign limited partnership, limited liability company or foreign limited liability company, trusted state, association, corporation, governmental, other jurisdiction being. And the appellee cites that in their brief. So both of those definitions, I think, would cover an LLC. Judge, I see that I've gone past the three minutes. May I reserve the rest of the time or go over my time for my opening argument? Certainly cannot go over. Thank you, Judge. Thank you. Ms. Quinn. Good morning, Your Honors. May it please the Court. My name is Sarah Quinn, and along with my colleague, Laura Higbee, we represent the appellee, CBL, and Associates Management, Inc. This Court should affirm the District Court's dismissal of the second amended complaint without leave to amend because neither George Asima, who this Court recognizes not a party to the appeal, nor his business, Asima Design, LLC, have standing to pursue a Section 1981 claim, and therefore the District Court does not have subject matter jurisdiction.  It was dismissed on the ground that it had been dissolved. Yes, Your Honor, which under 12b-1 means that it lacks subject matter jurisdiction in order to pursue a claim. You see, this is a matter of subject matter jurisdiction. It's a matter of the meaning of reasonable time in Illinois law, and that has nothing to do with the federal court's jurisdiction. Let's talk about Siena, as you referenced, Judge Easterbrook. The LLC was dissolved, and it waited far too long to bring its claim. The parties do not dispute that the LLC was a party to the lease. The parties further do not dispute that it was dissolved in December of 2017, and there has been no suggestion that it was ever reinstated. It was first added as a party in the underlying action in the appellant's second amended complaint, which was filed on October 31st, 2022. That is four years, 10 months, and 23 days after the LLC was dissolved. Even applying the Relation Back Doctrine to the date of the first filed complaint, filed by Mr. Asimov, the LLC still waited three years, nine months, and 12 days to pursue this action.  must look to Federal Rule of Civil Procedure 17b-3, which states that all other parties and corporations and individuals are determined by the state and where the court is located, and here the parties agree that Illinois law applies. The applicable law governing LLCs is, not surprisingly, the Illinois Limited Liability Company Act, not the business corporation, as my opponent stated. The act specifically provides that an LLC may continue after dissolution only for purposes of winding up its business. The act further provides clarity on the definition of winding up. In Section 35-4, when it states in relevant part, a person winding up an LLC's business may preserve the company's business or property as a going concern for a reasonable time. Ms. Quinn, are there any case law outside of the three years, seven months of Siena? Anything beyond that? No, Your Honor. Siena Court Condo Association is still good law, and it defined the upper boundary of reasonable time as three years, seven months. Here, the appellants waited three years, nine months, even most generously, and if we look to when they filed, as I said, four years, 10 months, and 23 days. So although no court has defined reasonable time, Siena did create an upper boundary for that reasonable time period. So as I stated, the plain meaning of winding up clearly contemplates a finite period in which an LLC's affairs, including the resolution of litigation, are completed. And although the court in that case, in Siena, did not purport to set forth a bright line rule, it stated it, quote, would be illogical to permit such suits to be asserted beyond such a reasonable time. Therefore, it explicitly stated that such a lengthy gap of three years, seven months was not reasonable, and the Siena Court affirmed the dismissal of the LLC's claims in that case. Now, even viewing the appellant's timeline most favorably, three years, nine months, and 12 days, this timing is beyond the upper limit outlined by Siena, and extending this reasonable time gives way to a slippery slope of long-dissolved zombie entities bringing claims and expending judicial resources well beyond their ability to perform business. I ask that you affirm the district court's dismissal of the LLC's claims and affirm the lower court's decision. Additionally, I want to raise... Ms. Quinn, can I just clarify, when you started, you made a point about Mr. Asima, George Asima. Is that driven by the fact that you, too, don't believe he filed a notice of appeal? He did not file a notice of appeal, Your Honor. He signed the notice of appeal for Asima Design LLC. Pro se. Correct. And that brings me to a point that I'd like to raise. Actually, that raises the question whether Asima Design LLC has appealed. Correct, Your Honor. Because only lawyers can sign for organizations. That's exactly right. There is a procedural deficiency. So if that's right, and Judge Easterbrook may well be right with that observation, I don't know that we even need to get to whether there's a reasonable time or not because we don't even have valid appeals in front of us. Precisely, Your Honor. This court ruled in United States v. Hagerman that LLCs specifically, including other business entities, may not proceed without an attorney. The LLC's appeal should be dismissed outright for that reason, and we don't need to get to the lower court's decision at all. However, since we are here, I wanted to flag that procedural deficiency with the LLC and make sure that that was noted before the court. So in sum, we urge this court to affirm the lower court's dismissal or, in the alternative, strike the appeal altogether. Thank you. Thank you, Ms. Quinn. Anything further, Mr. Epstein? Yes, sir. Mr. Epstein, maybe you could start by addressing the last point that Ms. Quinn made, that the appeal should be altogether dismissed or stricken. Well, Judge. Mr. Asimow, George Asimow, never filed a notice of appeal, and the LLC filed the notice of appeal pro se. Correct, Judge. If Illinois law is to apply, and if we were to actually use the 805 ILCS 180- The law applicable to the validity of a notice of appeal is federal law. Federal procedure governs in federal court. Well, Judge, in my brief I indicate that there is somewhat of a conflict between federal law and Illinois law, because if we're applying Illinois law, if I may address this, Judge, the Illinois law states that a person doesn't exclude LLC members or LLC directors. A person winding up a limited liability company- Mr. Epstein, please listen to Judge Scudder's question and address that question. The question is whether the pro se appeal by the LLC is appropriate to notice an appeal in this court. Yes, under 805, the statute that I just named, because they may wind up the affairs. Look, federal procedure, what suffices for a notice of appeal, is governed by federal law in federal court. The Supreme Court has held that federal procedure governs. Statutes of limitations and the like come from state law. The procedure used for litigation in federal court comes from federal law. What in federal law allowed Mr. Asimov, who is not a lawyer, to sign a notice of appeal for the LLC? I agree with the court. There is a conflict. It's not a question of conflict. It's a question of which law governs. I believe that the Illinois statute says that the person winding it up- It may. It may. But the point that Judge Easterbrook's making is that it has no legal significance. And the reason it has no legal significance is because the sole source of law that governs whether the appeal is valid by the LLC is federal law. It's 100% a federal law question. And so the challenge that your client has is that it was a pro se appeal and he runs right up against the precedent that is in place in our court that Ms. Quinn identified. That's the challenge you have. Right. And so, again, we disagree. And I think we use most of my time just disagreeing. May I cite to one statute to finish this up? Your time has expired, counsel. Thank you, Judge. I appreciate the- The case will be taken under advisement. Thank you, Your Honor.